UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TERRI ANN BREST-TAYLOR,<br><br>        Debtor. | Case No. 17-10310-B-13 |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>TERRI ANN BREST-TAYLOR,<br><br>        Defendant. | Adv. Proceeding No. 17-1009-B<br><br>DC No. UST-1 |

**MEMORANDUM RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

<u>INTRODUCTION</u>

11 U.S.C. § 105 permits a bankruptcy court to issue any order or judgment "necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]"[1] Cases have held this section empowers the court to enjoin future filings to prevent abuse of the bankruptcy process. *See generally, In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997) *aff'd on other grounds (In re Leavitt)*, 171 F.3d 1219 (9th Cir. 1999). In this dismissed case, the United States Trustee seeks an injunction barring this

---

[1] Unless specified otherwise, all chapter and section references to the Bankruptcy Code 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

Memorandum [UST-1] - 1

Debtor from refiling for two years based on, among other things, numerous filings by this Debtor in the past five years.

The court has applied the Ninth Circuit's factors governing dismissals with prejudice and finds this case appropriate for such a bar. This motion for summary judgment has been opposed by this *pro se* Debtor. However, the Debtor has not provided any evidence establishing a genuine material disputed fact warranting a trial and thus summary judgment is granted.

## PERTINENT FACTS

Defendant, Debtor Terri Ann Brest-Taylor ("Defendant") filed this bankruptcy case on January 31, 2017. On page 3 of the petition, the Defendant failed to disclose all of her prior bankruptcy filings within the proceeding eight years, listing only one of the relevant five cases.[2] After the court issued a "Notice of Incomplete Filing" on January 31, 2017, the United States Trustee filed this adversary proceeding.[3] The Defendant failed to appear at either her first meeting of creditors or the continued meeting.[4]

The Chapter 13 Trustee filed a motion to dismiss on several grounds including the Debtor's unreasonable delay, failure to appear at the meeting of creditors, failure to provide necessary documents, failure to file all schedules and statements, and failure to file Chapter 13 plan.[5] The court dismissed this

---

[2] Ex. 13 to Decl. of Gregory S. Powell ("Powell Declaration") (Doc. No. 18).
[3] Powell Declaration Ex. 12.
[4] Id.
[5] Powell Declaration Ex. 14 and 15.

bankruptcy case on April 14, 2017, but the court reserved jurisdiction over this adversary proceeding.

In the previous eight years, this Debtor has filed six bankruptcy cases including this case.[6] All those cases, except one, was dismissed for the Defendant's failure to submit documents, make payments or otherwise not comply with her duties under the Bankruptcy Code.[7],[8] The United States Trustee also established that Defendant's ninth bankruptcy, filed August 10, 2016, in this division (16-12894-13), the Defendant failed to disclose prior bankruptcy cases.[9]

In opposition to the motion, the Defendant responded to the United States Trustee's separate statement of undisputed facts and submitted a declaration. The Defendant does not dispute the fact that she filed all of the bankruptcy petitions or that they were dismissed or that a few cases resulted in discharge. Rather, the Defendant states in her declaration essentially the same statements made in her answer.[10] She states that "she feels she is under unfriendly fire and by her actions did not pursue the Chapter 13 bankruptcy filing to date. Even though the

---

[6] Powell Declaration Ex. 5 through 15.
[7] The one case which was not dismissed was a Chapter 7 proceeding filed on November 21, 2012 in the Sacramento Division of this court (12-40363-7). A discharge was entered March 25, 2013 (Powell Declaration Ex. 6).
[8] The United States Trustee has submitted to the court evidence of filings by this Debtor dating back to February 20, 1996. A total of four bankruptcies were filed by this Debtor between 1996 and 2004, two discharges were entered in Chapter 7 cases and two were dismissed. On June 25, 2003, the Bankruptcy Court barred the Debtor from filing a bankruptcy proceeding for 180 days. (Powell Declaration Ex. 1 through 4).
[9] Powell Declaration Ex. 11.
[10] See Doc. No. 27.

Memorandum [UST-1] - 3

remainder of the documents were prepared and ready for filing."[11] She labels some of the repeat filings as "mere duplicates."[12] As for the filings since 2012, the Defendant claims that "[she] was not abusive in filing." She acknowledged that she received a chapter 7 discharge "without incident" in her sixth bankruptcy case.[13]

Specifically, in case seven, filed June 3, 2015, the Defendant references the completion of a civil litigation matter, but that her antagonists in the civil litigation "violated the automatic stay in place."[14] For her eighth case, filed October 27, 2015, she states that she "filed to preserve the estate and business assets after the Calaveras County Butte fire in September 2015." She also states "Defendant had to deal with the landlord's emotional response to take their real estate back from Defendant." She acknowledged that her eighth case was dismissed and her plan payment returned to her by the Chapter 13 Trustee.

For her ninth case, filed August 10, 2016, the Defendant admitted it was a skeletal bankruptcy petition and an "emergency filing" but she "did not have her previous bankruptcy filing numbers available."[15] She stated that "the trustee's attorney said that a discharge was too early so we did not continue."[16]

As for the current case, which was dismissed, she states that "prior bankruptcy filings as the case numbers would be

---

[11] Id.
[12] Id.
[13] Id.
[14] Id.
[15] Id.
[16] Id.

Memorandum [UST-1] - 4

amended [sic] in her final submittal before the Chapter 13 341 meeting." The Defendant goes on to say "upon Defendant's arrival to the Fresno Division to complete her filings she discovered that an adversary complaint by the United States Trustee had been filed on February 10, 2017, indicating that she be barred from the bankruptcy court now and for another two years. Defendant left the building and did not file or continue as slanderous comments were apparent [sic] that there would be no relief."[17]

### JURISDICTION

This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(a) in that this bankruptcy case was referred to this court by the United States District Court for the Eastern District of California by way of General Orders 181 and 223. The District Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in a case under Title 11 of the United States Code. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Should it ever be determined that this court was unable to enter a final adjudication in this matter, the court finds that the United States Trustee has impliedly consented to this court's authority to enter a final judgment by filing this action and not reserving the right to require the District Court to finally adjudicate this matter. The court finds that the Defendant has expressly consented to this court entering a final

---

[17] Id.

judgment because paragraph 1 of the Defendant's answer states "jurisdiction over this adversary proceeding is agreed upon, unless change of venue is granted."

## CONTENTIONS OF THE PARTIES

Plaintiff and movant, the United States Trustee, contends that even though the underlying bankruptcy case has been dismissed, the Defendant in this case should be barred from filing for two years. The United States Trustee contends that the Defendant is using bankruptcy for the sole purpose of delaying creditors; that she has no legitimate reason to file for bankruptcy relief. The United States Trustee also contends that the Defendant's creditors have been wrongfully hindered and delayed and that the Defendant will continue to abuse the bankruptcy process unless the case is dismissed and the Defendant is enjoined from filing another bankruptcy for two years.

The Defendant does not dispute the number of filings and proclaims that summary judgment is not appropriate because "there is no rule disallowing the amount of bankruptcy filings." The Defendant also claims that none of the filings were "abusive." She also claims that a two-year bar would be "slanderous" to her and that summary judgment should not be granted because the court may delay entry of summary judgment to allow discovery to proceed.

/ / /
/ / /
/ / /

## ANALYSIS

1. **Summary Judgment Standard**

In an adversary proceeding, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a), incorporated by Federal Rule of Bankruptcy Procedure 7056. The key inquiry on a motion for summary judgment is whether a genuine issue of material fact remains for trial. Federal Rule of Civil Procedure 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258-50 (1986).

"[A dispute] is *genuine* only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute [over a fact] is 'material' only if it could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza),* 545 F.3d 702, 707 (9th Cir. 2008) citing *Anderson,* 477 U.S. at 248.

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). To support the assertion that a fact cannot be genuinely disputed, the moving party must "cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Federal Rule of Civil Procedure 56(c)(1)(A).

If a moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Celotex,* 477 U.S. at 324. See also *Barboza,* 545 F.3d 707 ["the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine dispute for trial."] citing *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Company v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Summary judgment may be appropriate due to the nonmoving party's failure to buttress allegations with adequate evidentiary support. *In re Quinones*, 537 B.R. 942, 947 (Bankr. Ct. N.D. Cal. 2015) citing *Celotex*, 477 U.S. at 322-23.

In ruling on the summary judgment motion, the court must view all the evidence in the light most favorable to the nonmoving party. *Barboza,* 545 F.3d at 707, citing *County of Tuolumne v. Sonora Community Hospital,* 236 F.3d 1148, 1154 (9th Cir. 2001). The court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS,* 436 U.S. 748, 756 (1978). "At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

/ / /

/ / /

/ / /

**2. Standard for Dismissal with a Bar to Refiling**

This case has been dismissed. The issue before the court is whether the Defendant should be barred from refiling. In *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999) the Ninth Circuit held that a dismissal with prejudice must be coupled with a finding of bad faith based on egregious conduct. In other words, dismissal with prejudice under § 349(a) is not meant to be a remedy for every instance of Debtor misconduct. *Id.* In this circuit, bankruptcy courts make good faith determinations on a case-by-case basis, after considering the totality of the circumstances. *Id.*

The so called "*Leavitt* factors" are: (1) whether the debtor misrepresented facts in her petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed her chapter 13 petition in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior was present. *Id.* In addition, a "court must make its good faith determination in light of all militating factors." *Ho v. Dowell (In re Ho),* 274 B.R. 867, 876 (9th Cir. BAP 2002) citing *Goeb v. Heid (In re Goeb),* 675 F.2d 1386, 1390 (9th Cir. 1982). Although application of the *Leavitt* factors inform the process, "the court is not obligated to count the four *Leavitt* factors as though they present some sort of a box-score but rather is to consider them all and weigh them in judging the 'totality of circumstances.'" *In re Lehr*, 479 B.R. 90, 98 (Bankr. N.D.Cal. 2012). "The Bankruptcy Court is not required to find that each *[Leavitt]* factor is satisfied or even to weigh

each factor equally." Rather, "[t]he *Leavitt* factors are simply tools that the Bankruptcy Court employs in considering the totality of the circumstances." Id.

### 3. Application of the *Leavitt* Factors

The Defendant here does not dispute any of the facts asserted by the United States Trustee in support of the motion for summary judgment. Rather, the Defendant urges that none of her previous filings, nor the most recent, was "abusive." However, simply raising the self-serving conclusion that a filing was "not abusive" does not amount to raising a material factual dispute warranting denial of summary judgment. As *Leavitt* demonstrates, the totality of circumstances should be considered.

Here, the court cannot ignore that the totality of circumstances includes evidence of virtually all three components of the first *Leavitt* factor. First, the Defendant failed on two occasions to list all her previous filings in both her ninth and tenth cases. This is a misrepresentation of facts in her petition. The Defendant's own declaration does not deny that facts were misrepresented when she states "she did not intend in any case to misrepresent facts in her petition or plan in an unfair manner."[18]

Second, the undisputed facts establish that the Defendant unfairly manipulated the Bankruptcy Code. In her seventh case, filed June 3, 2015, the Defendant says under oath that a deposit was taken, that her antagonists violated the automatic stay, but

---

[18] Doc. 27, 4:23-25.

she paid "their attorney to stipulate and move on."[19] In her eighth case, the Defendant states under oath that she filed the case on December 27, 2015 to preserve the estate and business assets after a fire but that "[she] had to deal with the landlord's emotional response to take their real estate back from Defendant." She goes on to say "Defendant had motioned the court to do a voluntary dismissal as the business relationship and tenant relationship suffered and Defendant reluctantly moved from their building."[20] Dealing with an emotional response is not a reason to file bankruptcy. She determined three months after the case was filed that a business and tenant relationship suffered and she "moved." Again, no stated justification for filing the bankruptcy was provided.

　　　In her ninth case, Defendant admits it was an emergency filing and she did not have her previous bankruptcy filing numbers available. She provides no basis or reason for the filing and allowed the case to be dismissed because she was advised by the Trustee's attorney that a discharge was "too early."[21] No fact was provided to justify the filing. The Defendant simply states that it was not abusive. Finally, the most recent case. The Defendant admitted it was an emergency filing, but she aborted the attempt when she heard what she believed were slanderous comments.[22] All of these are examples of manipulation of the Bankruptcy Code rather than seeking relief for any particular reason.

---

[19] Doc. 27, 3:25-4:2.
[20] Doc. 27, 4:4-9.
[21] Doc. 27, 4:11-13.
[22] Doc. 27, 4:16-21.

Thirdly, all of these filings have resulted in delaying the Defendant's creditors. Given the lack of justification provided in response to this motion, this evidence establishes the Defendant filing petitions in an inequitable manner.[23]

The second *Leavitt* factor is true beyond cavil. In the past 21 years, the Debtor has filed ten bankruptcy cases. She has filed six bankruptcy cases since 2009. With the exception of the cases filed under Chapter 7, all were dismissed and she has already been subject to a 180-day bar. The dismissals since 2009 have, with one exception, all been due to failure to file documents, make payments, or in the case of the most recent filing, failing to do several things required of Debtors under the Bankruptcy Code.

The third *Leavitt* factor, intention to defeat the state court litigation, does not appear applicable in this case. The United States Trustee has not established, with any facts, any attempt by the Debtor to avoid state court litigation. The Defendant's own declaration references various state court litigations which had been pending or concluded prior to, or contemporaneously with, at least two of her Chapter 13 filings. However, the court, on this record, cannot find that the defeat of state court litigation was a primary factor in this Debtor's numerous filings.

The final *Leavitt* factor, egregious behavior, is present in this case. The sheer numerosity of filings suggests egregious

---

[23] While it is true that the Debtor has received discharges when Chapter 7's were filed, that does not explain or justify the numerous aborted or failed attempts to commence a Chapter 13 case under the Bankruptcy Code.

Memorandum [UST-1] - 12

behavior. Beyond that, however, other facts demonstrate what this court views as egregious behavior. First, the Defendant's own opposition states "Defendant did file the following bankruptcies as there is no rule disallowing the amount of bankruptcy filing(s) only one discharge per chapter is allowed in the time allowed by law . . . ."[24] The Defendant also states in her opposition "if the bankruptcy court dismisses the case, you may re-file unless the court says otherwise."[25] Even more egregious is the following:

> There is no limit to filing a Chapter 13 bankruptcy, only a limit to Chapter 7 filings every eight years and, prior to that there was no limit to filing a Chapter 13 bankruptcy, only a Chapter 7 every six years. Unless, the U.S. Trustee, Trustee, or creditor opposes within the time allowed per notice by the Court the bankruptcy filing(s) could be filed and even re-filed thereby generating a new case number . . . . Discharge may not be available but the Chapter 13 Plan payments would be a viable way to clearly pace out the outstanding balances to creditors.[26]

These statements not only show a misunderstanding of the bankruptcy law, but an intent to violate that law and make multiple filings if it suits the Defendant regardless of the outcome of those filings. Clearly, the Defendant is sophisticated, has a partial knowledge of the bankruptcy law, and has demonstrated an inclination to exploit the law by filing numerous cases that do not conclude. There is no material dispute as to these facts since they are in the record by the Defendant herself.

---

[24] Doc. 25, 3:1-3.
[25] Doc. 25, 3:7.
[26] Doc. 26, 2:9-20.

Memorandum [UST-1] - 13

The court has viewed all the evidence in the light most favorable to the Defendant in this case. The court believes the Defendant has a sincere belief that the filings were not abusive. However, the objective facts are undisputed. Those objective facts show a tendency to manipulate the Bankruptcy Code to the detriment of the creditors on numerous occasions over the past five years.[27] Looking at the facts in a light most favorable to the nonmoving party, there is no reasonable doubt as to the existence of a genuine issue of fact. *Compare, Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). The Defendant here has not set forth specific facts showing there is a genuine dispute for trial. *Barboza*, 545 F.3d at 707. The Defendant has provided no specific evidence to show that a dispute exists. *Id.*

The court will issue a bar to Defendant's further filing without prior permission from the Chief Bankruptcy Judge of the affected District. This permits the defendant access to the court if necessary. However, the defendant will need to demonstrate the necessity of the future filing while the bar is in effect. The court does not issue this order lightly, but has determined that without this condition, there may very well be future filings that have similar results as most of the last ten.

/ / /
/ / /
/ / /

---

[27] While not necessary or important to this decision, the court is mindful of the numerous filings by this Debtor over the past 20 years. However, those filings predating 2012 have little present significance.

**4. Need for Further Discovery**

The Defendant did raise, without full factual development, that summary judgment may not be proper at this stage before the parties have engaged in discovery.[28] The Defendant's lack of factual development on this issue defeats the claim.

Federal Rule of Civil Procedure 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or take discovery, or;
>
> **(3)** issue any other appropriate order.

Defendant's declaration filed in opposition to the motion for summary judgment does not show any specified reasons that the Defendant could not present facts essential to justify her opposition. The declaration does not state any need for additional evidence to oppose the motion for summary judgment or specify reasons why the evidence was unavailable or even intimate what that evidence may be. This omission cannot be remedied by construing the Defendant's declaration entirely in her favor. Even if the declaration was so construed, there is no mention of any need for further discovery in order for the Defendant to meet the proof presented in the motion for summary judgment.

---

[28] Doc. 29, 2:13-3:23.

Memorandum [UST-1] - 15

## CONCLUSION

For the foregoing reasons, the United States Trustee's motion for summary judgment will be granted. The case having already been dismissed, the motion for summary judgment is granted barring the Defendant from filing another bankruptcy case for two years from the date this judgment is final unless prior authorization is obtained from the Chief Bankruptcy Judge in the District in which she desires to file a bankruptcy case.

In seeking leave to file a bankruptcy case in this or any other District, the motion for leave to file shall be supported by drafts of the petition, schedules, statement of financial affairs, and all other documents required for the complete filing of a bankruptcy case. In addition a copy of the order and this memorandum shall also be included as exhibits provided to the Chief Bankruptcy Judge from whom leave to file a bankruptcy case is requested.

The Clerk of the Bankruptcy Court, and deputy clerks operating at the discretion and control of the Clerk of the Court in any District, are authorized to reject any petition attempted to be filed by Terri Ann Brest-Taylor, individually or jointly, during the two-year period if there is not prior authorization from the Chief Bankruptcy Judge of the corresponding District. The United States Trustee shall prepare

/ / /
/ / /
/ / /
/ / /
/ / /

the order granting the motion for summary judgment and a separate judgment, forthwith.[29]

Dated: Aug 18, 2017

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

---

[29] The above constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 made applicable to adversary proceedings in bankruptcy courts by Federal Rule of Bankruptcy Procedure 7052. To the extent necessary, the above shall also constitute the court's reasons for granting the motion under Federal Rule of Civil Procedure 56(a) made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056.

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked  X  , via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and  X  Other Persons Specified Below:

Terri Ann Brest-Taylor
c/o 1600 Marion St #103
Kingsburg CA 93631

Gregory S. Powell
2500 Tulare St #1401
Fresno CA 93721

U.S. Trustee
Office of the U.S. Trustee
2500 Tulare St #1401
Fresno CA 93721